Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EDGAR CRUZ ROLDÁN, EDGARDO GALLO Y JENNY GALLO, como miembros de la Sucn. De CARLOS LUIS CRUZ ROLDÁN<br><br>Apelados<br><br>v.<br><br>VINCENT D´MARZO, JOANNE D´MARZO, la Sociedad Legal de Bienes Gananciales compuesta por ambos, JOSÉ ANTONIO ROSARIO JR. t/c/c JOSÉ ANTONIO ROSARIO GLEISH; VIOLETA PETERS t/c/c/ VIOLETA NAZARIO LARACUENTE<br><br>Apelantes | KLAN202500264 | Apelación Procedente del Tribunal de Primera Instancia, Sala de AGUADILLA<br><br>Caso Núm.: AG2024CV00021<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de mayo de 2025.

El 27 de marzo de 2025, el Sr. Vincent D´Marzo, la Sra. Joanne D´Marzo y la Sociedad de Bienes Gananciales compuesta por ambos, así como el Sr. José Antonio Rosario Jr. y la Sra. Violeta Peters (en conjunto, los apelantes) presentaron ante nos un recurso de *Apelación*. Allí, nos solicitaron la revocación de la *Sentencia Sumaria Parcial* emitida el 17 de marzo de 2025 y notificada el día 21 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI o foro primario).

Por virtud de aludido dictamen, el TPI declaró Ha Lugar la moción de sentencia sumaria presentada por los apelados de epígrafe. En

Número Identificador

SEN2025 _____

consecuencia, declaró nula la sentencia dictada por el foro primario con fecha del 28 de octubre de 2020, en el caso **AG2019CV00097**. Además, ordenó la continuación de los procedimientos en cuanto la reclamación de daños sometida en contra de los apelantes, así como las correspondientes reconvenciones.

Estudiado el legajo apelativo y sopesados los argumentos de las partes, al amparo del derecho aplicable que más adelante consignamos, resolvemos **confirmar** la determinación apelada. Veamos.

**-I-**

El 9 de enero de 2024, el Sr. Edgardo Gallo, la Sra. Jenny Gallo y la SLG compuesta por ambos, junto a la Sucesión del Sr. Carlos Luis Cruz Roldan[1] (en conjunto, los apelados) presentaron una *Demanda* sobre nulidad de sentencia y daños y perjuicios en contra de los apelantes.[2] Allí, señalaron que el Sr. Vincent D´Marzo, la Sra. Joanne D´Marzo y la Sociedad de Bienes Gananciales compuesta por ambos (en adelante, los señores D'Marzo) poseen un bien inmueble ubicado en el Barrio Borinquen Sector Playuela de Aguadilla y que este colinda por sus colindancias Oeste y Este, respectivamente con un predio de su propiedad.

De igual forma, sostuvieron que, el 3 de febrero de 2019, los señores D'Marzo radicaron una demanda sobre "Acción Confesoria o Negatoria de Servidumbre", en la que reclamaron la constitución de una servidumbre de paso que gravara el predio de su propiedad y en beneficio de estos.[3] Según los apelados, los señores D'Marzo actuaron de forma fraudulenta e impropia y con falsas representaciones al tribunal para obviar el proceso de emplazamiento personal y obtener una autorización para emplazar mediante edicto. Esbozaron que no fue hasta el 23 de diciembre de 2023,

---

[1] Compuesta por el Sr. Edgar Cruz Roldán.
[2] Esta reclamación fue enmendada el 17 del mismo mes y año a los fines de identificar a las personas demandadas y brindar su información.
[3] Caso número **AG2019CV00097.**

que se le entregó al apoderado del señor Cruz la copia de la sentencia impugnada. Manifestaron que, una vez conocida la situación, procedieron a examinar los autos del caso y advinieron en conocimiento de documentos manipulados fraudulentamente, así como de testimonios falsos. A tales efectos, los apelados adujeron que los actos de los señores D´Marzo eran contrarios a los postulados de la justicia, privándoles del disfrute de "los principios constitucionales que rigen el debido proceso de ley". Por último, sostuvieron que la conducta malintencionada, ilícita y fraudulenta desplegada por estos les ha provocado daños estimados en una suma no menor de $50,000.00.

El 31 de julio de 2024, los señores D'Marzo solicitaron la desestimación del pleito mediante la presentación de una *Moción al amparo de la Regla 10.2 de Procedimiento Civil*. Alegaron que de la Escritura 90 de compraventa que anejaban con su escrito surgía que la propiedad objeto del litigio AG2019CV00097 les pertenecía en común proindiviso junto a José Antonio Rosario Jr. y Violeta Peters (en conjunto señores Rosario-Peters). Así pues, sostuvieron que estos individuos no fueron incluidos como demandados en la causa de epígrafe, por lo que existía falta de parte indispensable que exigía la desestimación de la reclamación instada en su contra.

El 1 de agosto de 2024, los apelados se opusieron a la desestimación solicitada. Asimismo, requirieron autorización para enmendar la demanda e incluir a los señores Rosario-Peters en el pleito. En esa misma fecha, y con tal propósito, presentaron *Segunda Demanda Enmendada*.

El 11 de agosto de 2024, los señores D'Marzo contestaron la enmienda a la demanda. Al así hacer, negaron las alegaciones allí incluidas y dirigidas en su contra. Además, sometieron una reconvención contra los apelados. En esta última, alegaron que la parte apelada instó un pleito infundado, frívolo y vicioso que no justificaba la concesión de un remedio.

A tales efectos, solicitaron que se desestimara la reclamación en su contra y que sancionara a la parte apelada por una suma no menor de $15,000.00.

El 1 de octubre de 2024, los señores Rosario-Peters presentaron una *Moción al amparo de la Regla 10.2*. Allí, alegaron que, de una lectura de la *Segunda Demanda Enmendada,* no surgía actuación alguna de su parte que justificara la concesión de un remedio. Señalaron que el pleito de epígrafe va dirigido a solicitar la nulidad de la sentencia emitida en el caso **AG2019CV00097** del 28 de octubre de 2020. Indicaron que nunca fueron incluidos como parte en dicho pleito, por lo que no se le podía imputar actuación fraudulenta alguna que justificara la concesión de un remedio en su contra.

Por su parte, los apelados se opusieron a la *Moción al amparo de la Regla 10.2* sometida por los señores Rosario-Peters. Al responder a esta, alegaron que estos tenían un interés común sobre la propiedad objeto del pleito, por lo cual resultaban ser partes indispensables en este, sin cuya presencia no se podía adjudicar la controversia. Evaluados los argumentos de las partes, el 26 de noviembre de 2024, el TPI declaró No ha lugar la solicitud de desestimación presentada por los señores Rosario-Peters y ordenó la continuación de los procedimientos.

Así las cosas, el 7 de enero de 2025, los señores Rosario-Peters presentaron su *Contestación a Segunda Demanda Enmendada y Reconvención*. En esta, negaron la mayoría de las alegaciones de la demanda y reiteraron no haber sido incluidos como parte en el caso **AG2019CV00097**. Por otra parte, en su reconvención alegaron que los apelados construyeron una verja en el área de la servidumbre en violación a la sentencia emitida en el caso **AG2019CV00097**. Por esto último, solicitaron al foro primario que ordenara la demolición de la construcción, así como una suma no menor a $35,000.00 por concepto de gastos legales y tiempo.

El 18 de febrero de 2025, los apelados solicitaron que dictara sentencia sumaria. En su escrito, propusieron que no existía controversia sustancial sobre los siguientes cuatro (4) hechos esenciales:

1. Que los demandados Vincent D´Marzo, Joanne D´Marzo, José Antonio Rosario Gleish y Violeta Nazario Laracuente t.c.c Violeta Peters son dueños en común de la propiedad ubicada en el barrio Borinquen de Aguadilla, que colinda con la propiedad de los demandantes.

2. Que la misma fue adquirida por lo demandados a tenor con la Escritura #90 sobre Compraventa del 25 de agosto 2007 ante el notario Víctor Mario Soto Hernández.

3. Que los señores José Antonio Rosario Gleish y Violeta Nazario Peters no fueron parte demandante ni demandada, en el caso AG2019CV00097.

4. Que en el caso antes relacionado se emitió Sentencia el 28 de octubre 2020.

Basándose en estos hechos, los apelados solicitaron al TPI declarar la nulidad de la sentencia emitida en el caso **AG2019CV00097** por falta de parte indispensable. Además, reclamaron la concesión de $28,000.00 en concepto de honorarios por temeridad.

El 20 de febrero de 2025, los apelantes presentaron su *Contestación a Solicitud de Sentencia Sumaria*. Mediante esta, aceptaron los hechos incontrovertidos propuestos en la solicitud de sentencia sumaria. Sin embargo, sostuvieron que existían otros hechos materiales en controversia, particularmente en cuanto a la conducta fraudulenta alegada, que impedía la concesión del remedio solicitado. De igual forma, indicaron que la parte apelada incumplió con las disposiciones de la Regla 36.3 de Procedimiento Civil. En específico, señalaron que en la solicitud no se establecieron los asuntos litigiosos o en controversia, así como tampoco la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria.

A esto, añadieron que los apelados habían incumplido con las órdenes del TPI en cuanto al descubrimiento de prueba, por lo que, al no haber culminado el descubrimiento, procedía lo resuelto en Jusino et als. v. Walgreens, 155 DPR 560 (2001). Indicaron que en el referido caso se resolvió

que la sentencia sumaria procedía cuando después de un descubrimiento de prueba adecuado, una parte no puede demostrar una controversia real y material de hechos. Por estas razones, alegó que no se podía dictar sentencia sumaria.

Evaluados los escritos de las partes, así como la prueba que obra en el expediente, el 21 de marzo de 2025, el TPI emitió su *Sentencia Sumaria Parcial*. Mediante esta, determinó que no existía controversia en cuanto a que los señores D'Marzo y los señores Rosario-Peters eran dueños en común del predio dominante objeto del caso **AG2019CV00097**. Asimismo, estableció como hecho incontrovertido que los señores Rosario-Peters no fueron partes en aludido caso. Dicho esto, el foro primario destacó que en una acción confesoria la persona que sea dueña del predio dominante o del predio sirviente es parte indispensable en litigio. Así hecho, el TPI dictaminó que los señores Rosario-Peters, como dueños del predio dominante, eran partes indispensables en el caso AG2019CV00097 y por tal razón debieron ser traídos al pleito.

Ante tales hechos, el foro primario concluyó que era innecesario determinar si existía o no controversia sobre la alegada conducta fraudulenta. Ello, pues era suficiente concluir que faltaba parte indispensable en el pleito al momento de dictarse la sentencia en el caso AG2019C00097 para que dicho dictamen deba declararse nulo. De igual forma, determinó que no era necesario efectuar descubrimiento de prueba ya que la parte apelante aceptó que los señores Rosario-Peters eran dueños del predio dominante y que estos no fueron traídos al caso AG2019CV00097. Por todo esto, el TPI declaró **Ha Lugar** la moción de sentencia sumaria presentada por la parte apelada y declaró nula la sentencia dictada el 28 de octubre de 2020 en el caso AG2019CV00097. A su vez, ordenó la continuación de los procedimientos en cuanto a la causa de acción por daños y perjuicios en contra del señor D´Marzo, la señora

D´Marzo y la SLG compuesta por ambos, así como sobre las correspondientes reconvenciones.

Inconforme con esta decisión, la parte apelante instó el recurso de apelación de epígrafe y señaló la comisión de los siguientes errores:

> Erró el TPI al dar curso y resolver una solicitud de sentencia sumaria presentada con un recurso incompleto y que no cumple con la Regla 36 de Procedimiento Civil y la jurisprudencia aplicable.

> Erró el TPI al dar curso y resolver una solicitud de sentencia sumaria la cual trae planteamientos nuevos y la cual pretende enmendar la demanda.

Atendido el recurso, el 4 de abril de 2025, notificada el día 7, emitimos una *Resolución* en la que establecimos que los apelados debían comparecer dentro del término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, y presentar su alegato. El 7 de abril de 2025, la parte apelada presentó su *Alegato de la Parte Recurrida*. Así pues, con la comparecencia de las partes queda sometido el asunto y resolvemos.

**-II-**

*A.*

**La Sentencia Sumaria**

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE y otros, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. E.L.A., 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. V. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V R 36.3. Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una

controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE y otros, *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

*B.*

**La Parte Indispensable**

La Regla 16.1 de las de Procedimiento Civil 32 LPRA Ap. V, R. 16.1 es la que gobierna todo lo relacionado a la falta de parte indispensable en un pleito. La misma establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". 32 LPRA Ap. V, R. 16.1.

Precisa señalar que, el interés común al que hace referencia la citada Regla no es cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro. Pérez Rosa v. Morales Rosado, 172 DPR 216, 223 (2007) Romero v. S.L.G. Reyes, 164 DPR 721, (2005). De manera, que una parte indispensable es aquella de la que no se puede prescindir. Sin su presencia, las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados. Allied Mgmt. Group. v. Oriental Bank, 204 DPR 374 (2020); Deliz et als. v. Igartúa et als., 158 DPR 403, 432, (2003). Sobre este particular el tratadista Hernández Colón explica:

"[e]l tercero ausente [en el pleito] debe tener un interés común en el [mismo] que convierte su presencia en un requisito indispensable para impartir justicia completa o de tal orden que impida la confección de un decreto sin afectarlo. La justicia completa es aquella entre las partes y no la que se refiere a una parte y el ausente. El interés común tiene que ser uno real e inmediato." Hernández Colón, op cit., Sec. 1202, pág. 166.

La citada Regla 16.1 *supra*, en palabras del más alto foro: "[f]orma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". López García v. López García, 200 DPR 50, 63-64. (2018); Mun. de San Juan v. Bosque Real, S.E., 158 DPR 743, 756, (2003). En armonía con lo anterior esta regla se inspira en dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. Allied Mgmt. Group. v. Oriental Bank *supra;* Cepeda Torres v García Ortiz, 132 DPR 698, 704 (1993).

La falta de una parte indispensable constituye una defensa irrenunciable. Por lo que, los foros apelativos, si así lo entendemos, podemos y debemos levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que esta incide sobre la jurisdicción del tribunal. López García v. López García, *supra*.

C.

**Relevo de Sentencia**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad

de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. Reyes v. E.L.A. et al., 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. Vázquez v. López, 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. Garriga Gordils v. Maldonado Colón, 109 DPR 817, 822 (1980); Fine Art Wallpaper v. Wolff, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. García Colón et al. v. Sucn. González, 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Id*., a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso

exceda los seis meses [...]." *Id*. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. Náter v. Ramos, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia.  Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia. Ortiz v. U. Carbide Grafito, Inc., 148 DPR 860, 865 (1999).

**-III-**

Según expresamos al exponer los hechos procesales, mediante la discusión de sus dos (2) señalamientos de error los apelantes alegan que el foro primario incidió al acoger la solicitud de sentencia sumaria presentada por la parte apelada. A tales efectos, en primer lugar, señalan que los apelados incumplieron con los requisitos de forma que le impone la Regla 36.3 de Procedimiento Civil, *supra*, a toda parte que presente una moción de sentencia sumaria. Específicamente, sostienen que la solicitud presentada carece de señalamientos en cuanto a los asuntos litigiosos o en controversia, la causa de acción y de una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial. Arguyen que, aparte de ser un incumplimiento craso con las Reglas de Procedimiento Civil, *supra*, les imposibilitó reaccionar adecuadamente al escrito.

De otra parte, al discutir su segundo señalamiento de error, los apelantes alegan que la moción de sentencia sumaria trajo consigo planteamientos nuevos que pretendían enmendar la demanda, en contravención a lo resuelto en León Torres v. Rivera Lebrón 204 DPR 20 (2020). Esbozan que las alegaciones de la reclamación siempre giraron en cuanto una alegada conducta fraudulenta, más en la moción de sentencia

sumaria se presentó una nueva causa de acción, entiéndase la ausencia de parte indispensable. Indican que, a tenor con la jurisprudencia citada, una solicitud de sentencia sumaria deberá disponer exclusivamente de las reclamaciones vertidas en el expediente del caso al momento en que se presenta la moción dispositiva al tribunal. No obstante, manifiestan que la determinación del TPI se fundamentó en la ausencia de partes indispensables, lo que equivalía a una enmienda de la demanda y era contraria a la normativa vigente.

Los apelados por su parte afirman que el dictamen fue emitido conforme a derecho. Sostienen que los apelantes fueron quienes indicaron que los señores Rosario-Peters poseían interés en el bien objeto del pleito en el caso AG2019CV00097 y que estos no fueron acumulados como partes. Arguyen pues que la falta de partes indispensables fue establecida por los propios apelantes en el pleito, por lo que procedía declarar la nulidad de la sentencia.

Debido a que los errores señalados están íntimamente relacionados, los atenderemos y discutiremos de forma conjunta. No obstante, dado que el dictamen que se apela atiende una moción de sentencia sumaria, según ordena nuestro ordenamiento que hagamos, en primer lugar hemos examinado la solicitud de sentencia sumaria de la parte apelada, así como la oposición que frente a ella interpuso la parte apelante. Efectuado este análisis, encontramos que la parte apelada incumplió con las disposiciones relativas a la sentencia sumaria arriba citadas. Como correctamente señala la parte apelante, en la moción de sentencia sumaria no se incluyeron los asuntos litigiosos o en controversia, ni una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial.

Ahora bien, como es sabido, este incumplimiento no implica la denegación automática de la sentencia sumaria peticionada, pues recaería

en la sana **discreción** del foro juzgador acoger la misma si determina que no existe hechos medulares en controversia que impidan dictar sentencia sumaria.[4] Así pues, procedemos a sopesar si fue correcta la conclusión alcanzada por el foro primario sobre la inexistencia de hechos materiales controvertidos y la aplicación del derecho.

Según surge de los escritos presentados por las partes, los hechos incontrovertidos propuestos por los apelados en su sentencia sumaria fueron admitidos por los apelantes. Siendo ello así, resulta innecesario emitir juicio en cuanto a la decretada inexistencia de hechos materiales alcanzada por el TPI, pues la misma es clara. De otra parte, y tras haber evaluado los argumentos de las partes, concluimos que el foro primario no cometió los errores imputados por los apelantes.

Los apelantes argumentan que la solicitud de sentencia sumaria trajo consigo planteamientos nuevos por medio de los que se pretendió enmendar la demanda. No tiene razón. El propio expediente judicial comprueba que fueron los señores D'Marzo quienes, en búsqueda de la desestimación del pleito de nulidad de epígrafe, trajeron a la atención del tribunal el reclamo de falta de partes indispensable. Fueron ellos, en su *Moción al Amparo de la Regla 10.2 de Procedimiento Civil*, quienes señalaron que los señores Rosario-Peters eran partes indispensables, pues ostentaban un interés sobre la propiedad objeto del pleito, y que estos pudieran ver sus derechos lesionados. A su vez, el legajo evidencia que los señores Rosario-Peters comparecieron en el pleito y reclamaron no haber sido acumulados en la acción confesoria presentada en el caso **AG2019CV00097,** pese a ser dueños en común con los señores D'Marzo.

Es ante los planteamientos levantados ante el tribunal por los apelados en sus respectivos escritos al amparo de la Regla 10.2 de

---

[4] Con respecto a la oposición concluimos que la misma cumple con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra*.

Procedimiento Civil, que la parte apelada presentó su moción de sentencia sumaria. Entiéndase pues, que la parte apelada no presentó una nueva reclamación, ni introdujo teorías nuevas mediante su moción dispositiva a los fines de fundamentar su causa de acción. En contrario, nos resulta patente que fueron los propios apelantes quienes despejaron cualquier controversia en cuanto a que los señores Rosario-Peters debieron ser incluidos en el pleito AG2019CV00097, pues eran partes indispensables al momento que se dictó sentencia en el caso y que ello nunca se hizo. Por consiguiente, y ante tales contundentes hechos, es forzoso concluir que tal exclusión causó que la sentencia emitida en aludido sea nula *ab initio*.  Es conclusión, el TPI no cometió los errores señalados por los apelantes.

### -IV-

Por las razones aquí esbozadas, confirmamos la *Sentencia Sumaria Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones